11-3722                                                                          BIA
Lin v. Holder                                                        A098 718 206

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27ᵗʰ day of August, two thousand twelve.

PRESENT:
   RALPH K. WINTER,
   JOSÉ A. CABRANES,
   ROBERT D. SACK,
    *Circuit Judges*.
_____

ZHU LIN,
   *Petitioner*,

   v.                                                    11-3722
              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
   *Respondent*.
_____

FOR PETITIONER:  Michael Brown, New York, New York.

FOR RESPONDENT:  Stuart F. Delery, Acting Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Nicole R. Prairie, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhu Lin, a native and citizen of the People's Republic of China, seeks review of an August 22, 2011, decision of the BIA affirming the July 15, 2010, decision of Immigration Judge ("IJ") Helen Sichel, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhu Lin*, No. A098 718 206 (B.I.A. Aug. 22, 2011), *aff'g* No. A098 718 206 (Immig. Ct. N.Y. City, July 15, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v.* Mukasey, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications, like Lin's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of

the circumstances, . . . base a credibility finding on the demeanor, candor or responsiveness of the applicant, . . . [and] the consistency between the applicant's or witness's written or oral statements, . . . without regard to whether an inconsistency . . . goes to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Substantial evidence supports the agency's adverse credibility determination.

The agency based its adverse credibility determination on inconsistencies between Lin's original asylum application, which omits any mention of Lin's May 1998 altercation with family planning officials, and his amended application, in which he states that family planning officials showed up at his house following his wife's absence from her gynecological checkups, and dragged him to the family planning office, where they detained and beat him. Lin argues that because the inconsistency is between his original and amended asylum applications, and because

3

the IJ accepted the amended application with knowledge of the addition of the May 1998 incident, this inconsistency should not reflect negatively on his credibility. This argument is without merit as the "IJ may rely on *any* inconsistency" in finding an applicant for asylum not credible. *See Xiu Xia Lin*, 534 F.3d at 167 (emphasis in original). Furthermore, because Lin's explanation for the absence of the May 1998 event was itself inconsistent, in that he asserted both that the omission was due to a translation error and alternately that he forgot to include this event in his original application, the IJ was not required to credit it. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). Because the inconsistency relates to the incident that formed the basis of the claim of past persecution, the totality of the circumstances supports the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because the adverse credibility determination is supported by substantial evidence, the agency did not err in denying

asylum, withholding of removal, and CAT relief, as all of the claims relied on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk

5